[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13295
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00190-RWS

JIMMY GRADY TROTTER,

Plaintiff-Appellant,

versus

JEFFREY SHULL,
in his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 19, 2017)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jimmy Trotter brought this action against Deputy Jeffrey Shull, under 42 U.S.C. § 1983, alleging that Shull violated his Fourth Amendment right to be free from excessive force by handcuffing his wrists too tightly during an arrest.  The district court denied Trotter's motion to file a second amended complaint and granted Shull's motion to dismiss, finding that Shull is entitled to qualified immunity.  We affirm.

## I

On August 7, 2014, Deputy Shull pulled Trotter over for a traffic violation and arrested him for following too closely and on suspicion of driving under the influence.  Trotter alleges that Shull used excessive force in violation of his constitutional rights by using handcuffs that were not "double locked," and thus continued to tighten around his wrists, causing him immediate pain.  According to Trotter, Shull did not loosen the handcuffs despite Trotter's repeated requests that he do so.  Trotter contends that the handcuffs caused serious injury to his right wrist, including a chronic scapholunate ligament tear that required surgery, and that he is now unable to grip or grasp with his right hand and continues to experience regular pain.  Trotter brought this suit for excessive force, seeking compensatory and punitive damages.   Shull moved to dismiss, and in lieu of a response, Trotter filed, and the district court granted, a motion to amend his complaint.  Shull then filed a second motion to dismiss, and after briefing, Trotter

2

filed a motion for leave to file a second amended complaint, which the district court denied as futile.

## II

The district court properly dismissed Trotter's first amended complaint on qualified-immunity grounds. As an initial matter, we reject Trotter's assertion that it was improper for the district court to consider Shull's qualified-immunity defense "at this preliminary stage of the litigation." This Court has repeatedly held that a district court may dismiss a case on the basis of qualified immunity at the Rule 12 stage. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Gonzales v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003); *Stritch v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002).

We turn, then, to the merits of the district court's qualified-immunity determination. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (citation omitted). To receive the protection of qualified immunity, a defendant must first establish that he was acting within the scope of his discretionary authority. *Cottone*, 326 F.3d at 1357. Here, there is no dispute that Shull was acting within his discretionary authority in arresting Trotter. Trotter

does not allege that Shull lacked probable cause to pull him over or to place him under arrest.  Trotter argues only that he did not resist arrest, and thus that Shull didn't need to use force against him.

Accordingly, the burden shifts to Trotter to show that qualified immunity is not appropriate by proving that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).  We may consider the two prongs of the qualified-immunity analysis—the merits of the underlying constitutional issue and the question whether the alleged right was "clearly established"— in any order.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Here, we needn't grapple with the merits of Trotter's excessive-force claim because we are satisfied that, in any event, the law was not sufficiently clearly established to put Shull on notice that his conduct violated the Fourth Amendment.

In assessing an excessive-force claim, a court must consider whether the defendant's actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation," bearing in mind that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat."  *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).  Importantly, "[t]he calculus of reasonableness must embody allowance for the fact that police officers

4

are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.*

At the very least, Trotter has not shown that Shull's actions violated clearly established Fourth Amendment law. This Court has recognized that "the typical arrest involves some force and injury" and, more significantly for present purposes, that "[p]ainful handcuffing, without more, is not excessive force …." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351–52 (11th Cir. 2002). Particularly in light of *Rodriguez*, none of the cases to which Trotter points are closely enough on point to clearly establish the law in his favor. In *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002), for instance, the arresting officer slammed an already-handcuffed woman's head into the trunk of her car. In *Smith v. Mattox*, 127 F.3d 1416 (11th Cir. 1997), far from simply ignoring an arrestee's complaints about his handcuffed, the arresting officer broke his arm. And in *Sanchez v. Hialeah Police Department*, 357 F. App'x 229 (11th Cir. 2009)—which as an unpublished opinion is incapable of clearly establishing law for qualified-immunity purposes, in any event—the officer repeatedly punched and beat the plaintiff suspect. None of those cases, or any others of which we are aware, clearly established that Shull violated the Fourth Amendment when, as he is alleged to have done, he ignored Trotter's complaints about the tightness of his handcuffs.

5

Thus, we hold that the district court correctly concluded that Shull is entitled to qualified immunity on Trotter's excessive-force claim.

## III

We further hold that the district court properly denied Trotter's motion for leave to file a second amended complaint. As an initial matter, Trotter has not adequately explained why he couldn't have amended his complaint to add the material he now seeks to include—really just elaborations on facts alleged in his prior complaints—when the district court granted him leave to amend the first time. Moreover, and in any event, the second amendment that Trotter now seeks would be futile. It does not include any new claims, parties, or theories of recovery, nor does it contain any significant new factual allegations. Denial of leave to amend based on futility is justified when the proposed amended complaint remains subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Because the additional allegations in Trotter's proposed second amended complaint would not overcome Shull's qualified-immunity defense, the district court properly denied Trotter's motion to amend as futile.

## IV

Accordingly, we affirm the district court's order dismissing Trotter's complaint and denying his motion to further amend his complaint.

**AFFIRMED.**